*In re* MARRIAGE OF RUBY J. PROCKISH, Petitioner-Appellant, and THOMAS H. PROCKISH, Respondent-Appellee.

Second District   No. 2—87—0820

Opinion filed April 13, 1988.

Linda S. Kagan, of Tews, Theisen & Theisen, and Jerome Marvin Kaplan, both of Chicago, for appellant.

William G. Rosing, of Rosing, Applehans & Smith, Ltd., of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

On October 15, 1986, the circuit court of Lake County entered a written judgment for dissolution of marriage of the parties which dissolved the marriage and resolved all other matters. It found, *inter alia*, that $11,000 of respondent's, Thomas H. Prockish's, yearly military pension was attributed to his disability and, therefore, was preempted from the State's jurisdiction pursuant to section 1408 of the Uniformed Services Former Spouse's Protection Act (10 U.S.C. §1408 (1982)). Section 1408 was amended effective November 14, 1986, and, in pertinent part, allows the division and allocation of military disability pensions. (Act of Nov. 14, 1986, Pub. L. No. 99–661, 1986 U.S. Code Cong. & Admin. News (100 Stat.) 3887.) Petitioner, Ruby J. Prockish, filed a post-trial motion contending that the amendment entitled her to share in respondent's entire pension, including his disability benefits. Following the denial of the motion, petitioner appeals.

The sole issue raised on appeal is whether the trial court erred when it failed to apply the amendment so as to include respondent's disability benefits as part of his entire military pension to be divided in the dissolution of marriage proceeding.

On October 25, 1984, petitioner filed a petition for dissolution of the parties' 24-year marriage. Subsequently, the parties submitted a pretrial memorandum to the court which stipulated the following facts.

At the time that petitioner filed her petition, both parties were 47 years old. Respondent, a retired Master Chief in the Navy with 28 years of service, worked as a sales associate with a realtor and earned approximately $26,900 in 1984. Petitioner worked as a warehouse manager and earned approximately $20,000 annually.

With regard to respondent's military pension, both parties acknowledged that "vested accruing military pension" is divisible in Illinois pursuant to the Uniformed Services Former Spouses' Protection Act (Act) (10 U.S.C. §1408 (1982)), which authorizes State courts to divide that portion of a pension designated as "disposable retired or retainer pay." (10 U.S.C. §1408(c)(1) (1982)). Section 1408(a)(4) of the Act, which was in effect at the time, defines "disposable retired or retainer pay" as the "total monthly retired or retainer pay to which a member is entitled (*other than the retired pay of a member retired for disability* under chapter 61 of this title)." (Emphasis added.) 10 U.S.C. §1408(a)(4) (1982).

The pretrial memorandum provided further that, in 1980, respondent suffered a stroke while on active duty and, in March 1981, he suffered a heart attack. On July 20, 1983, the military declared respondent unfit for duty, placed him on the temporary disability retired list, and determined that he was entitled to a 40% disability rating. While on the temporary duty retired list, respondent received $922 per month as nontaxable retired disability pay, $742.24 of which constituted disposable retired or retainer pay as defined at that time. The parties' marriage covered 23 out of 28, or 83%, of respondent's service years. This percentage applied against the disposable retired or retainer pay amounted to $7,390 annually, of which petitioner would be allocated 50% or $3,675.17. The remaining disability pension was nondivisible and nonmarital pursuant to Federal law.

On January 21, 1986, respondent filed a motion *in limine* requesting that the court determine whether his nontaxable disability pension was divisible as marital property pursuant to the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1985, ch. 40, par. 503) as well as section 1408 of the Federal Act. The court issued a letter memorandum which stated that, pursuant to section 1408 of the Act, the Marriage Act only applied to that portion of the pension not attributable to his disability benefit.

On July 21, 1986, upon consideration of the testimony, stipulations, and written arguments of the parties, the trial court issued a letter setting forth its findings and requesting petitioner's counsel to prepare an appropriate order.

On October 15, 1986, the court entered a written judgment for dissolution of marriage dissolving the marriage and resolving all other matters. It found, *inter alia*, that $11,000 of respondent's yearly $20,000 military pension was attributable to his disability and, therefore, was preempted from the State's jurisdiction pursuant to section 1408 of the Act.

On November 13, 1986, petitioner filed a motion after judgment wherein she contended, among other things, that on October 14, 1986, and October 15, 1986, the United States House of Representatives and Senate passed amendments to the Act which allowed the division of the previously excluded military disability pensions. Petitioner's motion alleged that the new law entitled her to share in respondent's entire pension, including his disability benefits. Further, petitioner claimed error in the trial court's reservation of life insurance for the children.

On July 31, 1987, in separate orders, the court modified the October 15, 1986, judgment for dissolution of marriage so that respondent

was directed to designate his youngest child as beneficiary on his life insurance policies until she attained the age of 23. The reservation of maintenance provision was changed in a minor respect. In its second order, the court found that the judgment for dissolution of marriage was entered prior to the enactment of the amendment at issue, and, therefore, the amendment would not apply to the present case.

The issue presented is whether the trial court erred when, on reconsideration, it found that the amendment to the law which existed at the time petitioner's post-trial motion was pending was not applicable to the division and allocation of respondent's military pension benefits, which was decided in a judgment entered prior to the enactment of the amendment.

Petitioner contends that the law which controls is that which exists at the time an appeal is decided rather than the law which existed at the time the circuit court entered its judgment, citing *Cronin v. Lindberg* (1976), 66 Ill. 2d 47, 360 N.E.2d 360, *Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825, *Trotter v. Moore* (1983), 113 Ill. App. 3d 1011, 447 N.E.2d 1340, and *Board of Education v. County Board of School Trustees* (1978), 60 Ill. App. 3d 415, 376 N.E.2d 1054. Respondent argues that the law in effect at the time of the judgment applies, citing *West v. West* (1979), 76 Ill. 2d 226, 390 N.E.2d 880. The cases cited by petitioner are simply inapposite here and need not be discussed. The following analysis resolves the issue before us.

■ The amendment to section 1408 to include military pension attributable to disability within the definition of disposable retired pay and, therefore, subject to division under the law of a State is a substantive change in the law. Recently, our supreme court in *Rivard v. Chicago Firefighters Union, Local No. 2* (1988), 122 Ill. 2d 303, stated the rule regarding when a substantive change in the law is effective, as follows:

> "It has thus been our general rule of construction that an amendatory act will be construed as prospective. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390; *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 346.) The presumption of prospectivity is rebuttable, but only by the act itself. Either by express language or necessary implication, the act must clearly indicate that the legislature intended a retroactive application. *People v. Kellick* (1984), 102 Ill. 2d 162, 180; *United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 142." *Rivard*, 122 Ill. 2d 303, 309.

The amendment to section 1408 specifically provides:

> "(b) EFFECTIVE DATE.—The amendments made by subsec-

tion (a) shall apply with respect to *court orders issued after the date of the enactment of this Act."* (Emphasis added.) Act of Nov. 14, 1986, Pub. L. No. 99—661, 1986 U.S. Code Cong. & Admin. News (100 Stat.) 3887.

A court order is defined in section 1408(a)(2) of the Act as follows:

"(2) 'Court order' means a final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such a decree (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or a court ordered, ratified, or approved property settlement incident to such previously issued decree), which—

(A) is issued in accordance with the laws of the jurisdiction of that court;

(B) provides for—

(i) payment of child support (as defined in section 462(b) of the Social Security Act (42 U.S.C. 662(b)));

(ii) payment of alimony (as defined in section 462(c) of the Social Security Act (42 U.S.C. 662(c))); or

(iii) division of property (including a division of community property); and

(C) specifically provides for the payment of an amount, expressed in dollars or as a percentage of disposable retired or retainer pay, from the disposable retired or retainer pay of a member to the spouse or former spouse of that member." 10 U.S.C. §1408(a)(2) (1982).

■■ ■ It is clearly evident from this record that the judgment for dissolution of marriage entered on October 15, 1986, is a court order within the definition of the Federal statute cited above. The only orders in this cause that were issued after the October 15, 1986, judgment, namely the designation of the beneficiary of respondent's life insurance policies and the wording change in the reservation of maintenance provision in the judgment, were merely incidental to the previous judgment and did not affect the prior judgment as to allocation of respondent's military disability pension. Thus, no order within the definition of court order in the Federal statute was issued after the enactment of the amendment.

The substantive issues of the proceeding had been litigated and determined by the time the amendment was enacted, and, therefore, the amendment was inapplicable. (See *West v. West* (1979), 76 Ill. 2d 226, 232-34, 390 N.E.2d 880.) Statutes will ordinarily not be con-

strued so as to produce retroactive application, absent some clear expression of an intention to do so. (*Vendo Co. v. Stoner* (1974), 58 Ill. 2d 289, 310, 321 N.E.2d 1, *cert. denied* (1975), 420 U.S. 975, 43 L. Ed. 2d 655, 95 S. Ct. 1398.) Such intent has not been shown here. Accordingly, the amendment is not applicable to the October 15, 1986, judgment, which was entered before the November 14, 1986, enactment of the amendment.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.