*In re* MARRIAGE OF JACK STRUNCK, Petitioner-Appellant and Cross-Appellee, and HELEN S. STRUNCK, Respondent-Appellee and Cross-Appellant.

Fifth District No. 5—90—0409

Opinion filed March 25, 1991.—Rehearing denied April 25, 1991.

J. Mark Maclin, of DuQuoin, for appellant.

David R. Craig, of Herrin, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Jack Strunck appeals from the judgment of the circuit court of Franklin County with respect to the distribution of the parties' marital property and payment of wife's attorney fees. Helen S. Strunck also appeals the distribution of the parties' property. We reverse and remand.

Jack and Helen S. Strunck were married for 44 years. Both are now in their sixties. Jack is retired from the military, receiving $1,556 a month in disability retirement pay. Helen is still working, earning $800 a month as a bank teller, but is unsure how much longer she can continue to work because of her health. During the marriage, Jack inherited substantial assets in the form of stock and real estate. He sold the stock and placed the proceeds into a joint account. He later reinvested some of the proceeds in various certificates of deposit (CDs) and bank accounts, many held in his name alone. The trial court awarded Jack $100,000 of the $253,000 proceeds as nonmarital property, the remainder being included in the parties' marital property. The court also determined Jack's disability pension had been preempted by the United States Supreme Court from being treated as marital property subject to division by a State court. Consequently, the court awarded Helen some 74% of the parties' marital property in lieu of maintenance. Jack was also ordered to pay Helen's attorney fees. Jack argues on appeal the court abused its discretion in dividing the parties' property and in ordering him to pay Helen's attorney fees in light of the disproportionate division. Helen contends on cross-appeal she is entitled to share in Jack's military pension and should be reimbursed or given an allowance for money spent on husband's nonmarital property. We address only one contention at this time, *i.e.*, whether Helen can share in Jack's military pension.

 We initially note that in ruling upon the parties' assets, the trial court in its memorandum of decision specifically stated:

"The evidence shows that Mr. Strunck receives $1,556.00 per month from a disability pension from his service in the U.S. Army. In a recent case of *Mansell vs. Mansell, 104 L Ed [sic] 675, decided May 30, 1989,* the United States Supreme Court holds that Congress, under 10 USCS §1408 has preempted states from treating these disability benefits as marital property subject to division by a state court. This decision results in a substantial windfall to Mr. Strunck. Added to Mr. Strunck's good fortune is the further fact that this pension is exempt from all state, local and federal taxation (10 USC 3101 a), which results in an increase in after-tax income to him. These are all factors that this Court must take into account as a 'relevant economic circumstance' under Chapter 40[,] §503(d)(4)."

It is true *Mansell v. Mansell* (1989), 490 U.S. 581, 104 L. Ed. 2d 675, 109 S. Ct. 2023, does hold that section 1408 of the Uniformed Services Former Spouses' Protection Act (10 U.S.C. §1408 (1982)) excludes any military retirement pay waived by the retiree in order to

receive veterans' disability benefits from being subject to division by a State court. This exclusion or exemption was limited, however, by an amendment which provides:

> "(4) 'Disposable retired or retainer pay' means the total monthly retired or retainer pay to which a member is entitled less amounts which—
>
> * * *
>
> (E) in the case of a member entitled to retired pay under chapter 61 of this title [disability retirement pay], are equal to the amount of retired pay of the member under that chapter computed using the percentage of the member's disability on the date when the member was retired (or the date on which the member's name was placed on the temporary disability retired list)[.]" (10 U.S.C. §1408(a)(4)(E) (1988), as added by Act of Nov. 14, 1986, Pub. L. 99—661, Div. A, Title VI, Part D, §644(a), 100 Stat. 3887.)

This amendment limits the exemption of military disability retirement pay from State marital property laws in an amount related to the retired person's percentage of disability on the date of retirement. Consequently, all benefits paid as compensation for disability are the separate property of that individual, while any amounts paid in excess of disability compensation, even though labeled as such, would be part of "disposable retired or retainer pay" which is subject to division as marital property. (See *In re Marriage of Marshall* (1988), 166 Ill. App. 3d 954, 960, 520 N.E.2d 1214, 1218; see also *In re Marriage of Prockish* (1988), 168 Ill. App. 3d 739, 742, 521 N.E.2d 1274, 1276; *Russell v. Russell* (La. App. 1987), 520 So. 2d 435, 438; *Evans v. Evans* (1988), 75 Md. App. 364, 368, 541 A.2d 648, 650.) While the record is somewhat confusing in this instance as to what portion of Jack's pension is attributable solely to disability, it would appear that 60% of his pension can be treated as marital property and therefore is subject to division by the trial court. We base this conclusion on an "extract" from the Department of the Army dated October 16, 1969, listing Jack's physical disability as 40% at the time of retirement. (A letter from the Department of Veteran Affairs dated December 19, 1989, lists Jack's disability rating as 80%, while this same letter sets forth the percentages of his service-connected conditions as totaling 120%.) Our interpreting section 1408(a)(4)(E) in this manner does not mean, however, that a court *must* divide that portion of the pension considered to be marital property. (See *In re Marriage of Habermehl* (1985), 135 Ill. App. 3d 105, 110, 481 N.E.2d 782, 785.) Rather, we are saying the court is not precluded from doing so as the amendment

now stands. We recognize the trial court here specifically took into consideration Jack's pension in apportioning the parties' marital property, although erroneously classifying it as nonmarital property, believing it had no discretion to do otherwise. While we reiterate the trial court is not compelled to divide the pension between the parties, we do conclude that in this instance the trial court should reconsider its award in light of the present holding with respect to our interpretation of section 1408(a)(4)(E) of the Uniformed Services Former Spouses' Protection Act.

For the aforementioned reasons, we reverse the judgment of the circuit court of Franklin County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GOLDENHERSH and CHAPMAN, JJ., concur.