**In re the MARRIAGE OF Genevieve WILLIAMSON, n/k/a Genevieve Obremski, Appellant,**

**and**

**Charles Williamson, Appellee.**

No. 07CA2432.

Colorado Court of Appeals,
Div. V.

Feb. 19, 2009.

Mills & Weitzenkorn, P.C., Gina B. Weitzenkorn, Denver, Colorado, for Appellant.

Gary B. Pulitzer, PC, Gary B. Pulitzer, Wheat Ridge, Colorado, for Appellee.

Opinion by Judge GRAHAM.

In this post-dissolution matter, Genevieve Williamson, now known as Genevieve Obremski (wife), appeals from the trial court's order denying her request to divide, under a provision of the permanent orders, the military Temporary Disability Retired List benefits being paid to Charles Williamson (husband). We affirm and remand for a determination of husband's request for attorney fees on appeal.

The parties' marriage was dissolved in 2001, and permanent orders were entered

establishing parental responsibilities and child support for the parties' three children, granting maintenance for wife, and dividing marital property and debts. The orders provided, in relevant part, that husband's "pension/retirement benefits shall be evenly divided (i.e., a 50–50 split) between the parties as set forth as per the time rule formula." At the time permanent orders were entered, husband was, and had been for eleven years, an active member of the United States Armed Forces.

In March 2007, when husband had sixteen years, seven months service in the military, he was placed on the Temporary Disability Retired List (TDRL) with a thirty percent disability rating because of a diagnosis of multiple sclerosis. When he was on active duty, his pay was $5400 per month, and, as of his placement on TDRL, he began receiving only $1629 per month in TDRL benefits.

Because of this reduction in resources, husband filed a motion for modification of child support. Wife responded, opposing the modification and further requesting that husband's TDRL benefits be divided pursuant to the permanent orders provision relating to pension/retirement benefits. After a hearing, the trial court granted husband's motion to reduce child support and issued a subsequent written order denying wife's request to divide his TDRL benefits. Wife appeals from the order concerning husband's TDRL benefits.

### I. Standard of Review

■ The classification of property as marital or nonmarital is a legal determination that is dependent on the resolution of factual disputes. *In re Marriage of Foottit,* 903 P.2d 1209, 1212 (Colo.App.1995). When there is a mixed question of law and fact, an appellate court gives deference to the trial court's factual findings, absent abuse of discretion, and independently reviews its resolution of questions of law. *See Sheridan Redevelopment Agency v. Knightsbridge Land Co.,* 166 P.3d 259, 262 (Colo.App.2007).

Here, we review for abuse of discretion the trial court's factual findings as to husband's TDRL benefits, but review de novo the legal issue of whether the benefits are divisible under the permanent orders.

### II. Military Retirement Benefits as Marital Property

■ Military retirement benefits are generally distributable as marital property in dissolution of marriage cases pursuant to the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (2008). *See In re Marriage of Hunt,* 909 P.2d 525, 530 (Colo.1995). Distributable benefits are limited, however, to "disposable retired pay," which is defined at 10 U.S.C. § 1408(a)(4) (2008), to exclude disability pay. *See Mansell v. Mansell,* 490 U.S. 581, 588–89, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); *In re Marriage of Warkocz,* 141 P.3d 926, 928–29 (Colo.App.2006); *In re Marriage of Franz,* 831 P.2d 917, 918 (Colo.App.1992) ("The court is thus precluded from dividing a veteran's disability retirement pay as marital property.").

This exclusion covers retirement benefits that a veteran may elect to waive in order to collect Veterans Administration (VA) disability benefits. *See* 10 U.S.C. § 1408(a)(4)(B) (2008); *Mansell,* 490 U.S. at 589, 109 S.Ct. 2023 ("disposable retired pay" excludes pay waived in order to receive veterans' disability benefits); *Warkocz,* 141 P.3d at 929 (same); *In re Marriage of Lodeski,* 107 P.3d 1097, 1100 (Colo.App.2004) (same). The exclusion also applies to that part of a veteran's retirement pay that is computed using the percentage of disability on the date the veteran is placed on TDRL. *See* 10 U.S.C. § 1408(a)(4)(C) (2008).

### III. The Nature of TDRL Benefits

A member of the armed forces may be placed on TDRL pursuant to 10 U.S.C. § 1202 (2008), if the member has a disability rating of at least thirty percent and the disability is not then "determined to be of a permanent nature and stable," but "accepted medical principles indicate that the disability may be of a permanent nature." A member may remain on TDRL for five years, during which time the member must submit to a medical evaluation every eighteen months to determine whether the disability has either

stabilized to a degree that permanent disability retirement is appropriate, or whether the disability has stabilized or lessened to the point where the member is fit and can return to active duty. 10 U.S.C. § 1210 (2008). After five years on the TDRL, the member must be either returned to active duty, if the member has become fit for service; permanently retired for longevity, if the member has attained at least twenty years of service; or permanently retired for disability under 10 U.S.C. § 1201 (2008), if the member is at least thirty percent disabled and the disability is permanent and stable. 10 U.S.C. § 1210(b)-(f) (2008).

Because at the time husband was placed on TDRL, he did not yet have twenty years service with the military, he was not eligible for a regular retirement based on longevity. *See* 10 U.S.C. § 3914 (2008) (requires an enlisted member of the armed services to have at least twenty years of service to be retired); *Hunt*, 909 P.2d at 530 (there is no partial vesting of a military pension and a member of the military must attain twenty years of service or forfeit the entire pension). In addition, the time husband is on TDRL does not count toward his twenty-year longevity requirement. Thus, given the evidence in the record concerning husband's condition and prognosis, it is likely that he will never attain twenty years of service and thereby become eligible for a longevity retirement.

■ Wife contends, however, that husband's current TDRL benefits are retirement benefits and are distributable under the provision of the permanent orders relating to pension/retirement benefits. We disagree.

Initially, and as the trial court did, we reject wife's argument that whether husband's TDRL benefits are divisible as marital property turns on whether he is considered "retired" and whether his TDRL benefits are termed "retirement benefits" by the military. Rather, if husband's TDRL benefits are "disability retirement benefits," they are not subject to division as marital property pursuant to 10 U.S.C. § 1408(a)(4)(C), regardless of whether he is technically considered temporarily "retired" in accordance with military terminology and regardless of whether his TDRL benefits are termed "retirement benefits." *See Franz*, 831 P.2d at 918 (trial court is precluded from dividing a veteran's "disability retirement pay" as marital property).

Although wife is correct that there is no Colorado law on the precise issue presented here, the *Franz* case involved a similar situation and is therefore helpful to our analysis. In *Franz*, the husband was on TDRL status at the time the parties' marriage was dissolved, and the permanent orders provided that if the husband should in the future receive "regular" retirement pay "that would be considered marital property" and the wife would receive half of that pay. *Id.* This provision of the permanent orders in *Franz* implies that the parties there did not consider TDRL benefits to be retirement pay subject to division but only considered regular retirement pay based upon the required years of service to be divisible. In any case, however, the husband in *Franz* was thereafter placed on permanent disability retirement and began receiving $790 a month in benefits, including $267 of VA disability benefits. *Id.*

The wife contended that the husband's permanent disability retirement benefits should be divided pursuant to the permanent orders, and the trial court agreed with her, at least in part, and awarded her $255 per month of the husband's benefits, which was approximately half of the non-VA portion of the benefits. *Id.* A division of this court reversed, however, and remanded for a determination of whether the non-VA benefits were "based and computed on [the] husband's disability." *Id.* at 919. The division stated that while the trial court correctly excluded the husband's VA disability benefits from division as marital property, it did not properly determine whether the remainder of his pay was also disability pay and thus not divisible as marital property. *Id.* at 918.

In accordance with *Franz*, 831 P.2d at 918, and 10 U.S.C. § 1408(a)(4)(C), when a member of the military is placed on disability, not only are that member's specific VA benefits excluded from division as marital property, but all of the member's pay that is "based

and computed on" the member's disability is also excluded.

Here, in contrast to *Franz*, the trial court specifically addressed whether husband's military benefits were based and computed on his disability. The military benefits expert who testified at the hearing described husband's benefits as disability benefits. He further explained how those benefits were calculated based on husband's percentage of disability, and then, in accordance with the rules pertaining to TDRL status, husband's percentage of disability, if lower than fifty percent, was raised to fifty percent to calculate his TDRL benefit. *See* 10 U.S.C. § 1401(a) (2008). This evidence, which is the type of evidence that was missing in *Franz*, supports the trial court's order denying divisibility of husband's benefits.

It is significant that husband here, like the husband in *Franz*, did not have twenty years service with the military such that he was eligible for a regular longevity retirement. *See Franz*, 831 P.2d at 918 ("The uncontradicted evidence at trial was that husband was retired with a thirty percent disability after eight years' service."). In this situation, since husband is completely ineligible for any military retirement benefits *but for his disability*, we conclude that all of his benefits are based on his disability, and therefore, are not divisible as marital property pursuant to 10 U.S.C. § 1408(a)(4)(C). *See In re Marriage of Wherrell*, 274 Kan. 984, 58 P.3d 734, 741 (2002).

In *Wherrell*, although the husband was two years short of serving twenty years in the military, there was an unresolved factual issue as to whether he would be eligible for early retirement under a special program that was in effect prior to 2001 to allow a drawdown of military forces. *Id.* at 738–39. Thus, although the Kansas court recognized that for veterans who are eligible for retirement, disability retirement benefits under 10 U.S.C. §§ 1201 (permanent disability) and 1202 (temporary disability) may include both disability and retirement benefits:

> If the member is not entitled to retired pay, however, it would not be appropriate to allow only a portion of his severance pay to be excluded from division under USFS-PA. *Under that circumstance, the entire [10 U.S.C. §§ 1201 or 1202] benefit would be excluded from the definition of "disposable retired pay."*

*Wherrell*, 58 P.3d at 740–41 (emphasis added).

Here, husband is in the position described in *Wherrell* in that, because he does not have twenty years of service, he is not eligible for any retired pay other than that based on his disability. Therefore, it would not be appropriate to exclude only a portion of his disability benefits under 10 U.S.C. § 1408(a)(4)(C); rather, his entire benefit is due to his disability and should be excluded as such. *See Wherrell*, 58 P.3d at 741.

The fact that husband is not eligible for retired pay apart from his disability materially distinguishes the present case from case law relied on by wife wherein the military retiree husband had entered into an agreement that the wife was entitled to half his pension/retirement benefits, but then retired on disability after more than thirty years of service. *See Allen v. Allen*, 178 Md.App. 145, 941 A.2d 510, 516 (Spec.App.2008) (husband could not prevent wife from receiving her bargained-for share of the benefits he accrued as a result of his years of service); *see also In re Marriage of Marshall*, 166 Ill.App.3d 954, 117 Ill.Dec. 863, 520 N.E.2d 1214, 1215–19 (1988) (the amount of military retirement benefits owing to wife from husband, who after twenty years of service went on the TDRL with a diagnosis of lymphoma, was based on what husband's retirement benefits would have been if he had not been placed on the TDRL).

Because, unlike the retirees in these cases, husband had no retirement benefits from his years of service and would have received nothing if he had been separated from the military without a disability, all of his benefits under TDRL are necessarily disability benefits. Wife is not entitled to such benefits as a matter of law pursuant to 10 U.S.C. § 1408(a)(4)(C), and the trial court properly denied her motion to divide the TDRL benefits under the permanent orders.

The fact that husband waived a portion of his benefits in order to receive VA disability

benefits does not alter our holding because we agree with husband that the benefits he waived are also disability benefits. Thus, it is immaterial whether husband is receiving VA disability benefits or other military disability benefits, because no such benefits are available for distribution as marital property under 10 U.S.C. § 1408(a)(4). *See Franz,* 831 P.2d at 918–19 (division remanded for determination of whether husband's non-VA disability benefits were based and computed on his disability such that they were not divisible as marital property); *Wherrell,* 58 P.3d at 741 (district court erred in assuming that all non-VA benefits were divisible retirement benefits rather than applying 10 U.S.C. § 1408(a)(4)(C) to determine whether such non-VA benefits were also received and computed based on husband's disability).

We are aware that the Kansas court in *Wherrell* indicates that whether the benefits are marital may turn on whether such benefits are taxable. *See Wherrell,* 58 P.3d at 741. We disagree with this statement in *Wherrell,* however, because whether disability benefits are taxable is a different, and much narrower, determination than whether disability benefits are divisible as marital property under the USFSPA.

After 1976, to be exempt from taxation, disability benefits must be received due to a combat-related disability or directly from the VA. *See* 26 U.S.C. § 104(a), (b)(2)-(3) (2008); H.R.Rep. No. 94–1515, at 432–33 (1976) (Conf.Rep.), *as reprinted in* 1976 U.S.C.C.A.N. 4117, 4141–42; *see also Reimels v. Comm'r,* 123 T.C. 245, 252–53, 2004 WL 1902973 (2004), *aff'd,* 436 F.3d 344 (2d Cir. 2006). There is no similar restriction in the USFSPA, however. Thus, the nature of husband's disability retirement benefits as marital or nonmarital does not depend on whether the benefits are subject to taxation. *See Franz,* 831 P.2d at 918–19 (portion of husband's military disability retirement benefits subject to division depended on whether such benefits, even though taxable, were based and computed on husband's disability).

Because we affirm the trial court's order on the basis that husband's TDRL benefits are disability benefits and are not divisible as marital property pursuant to 10 U.S.C. § 1408(a)(4)(C), we do not reach husband's alternative argument analogizing to case law involving nonmilitary disability benefits.

### IV. Husband's Request for Attorney Fees on Appeal

Husband requests his attorney fees on appeal pursuant to C.A.R. 38(d) and section 14–10–119, C.R.S.2008. We deny the first request and remand for a determination of the second.

We agree with wife that there is no controlling Colorado law on the issue of whether TDRL benefits are divisible as marital property. Thus, although wife has not prevailed on appeal, we do not conclude that her arguments are frivolous and we deny husband's request for fees under C.A.R. 38(d).

However, we reject wife's argument that husband is not entitled to fees under section 14–10–119 because he did not request them in the trial court. A party may seek appellate fees under section 14–10–119, but, because the trial court is better equipped to determine issues of fact regarding the current financial resources of the parties, we remand this issue to the trial court. *See* C.A.R. 39.5; *In re Marriage of Jorgenson,* 143 P.3d 1169, 1174 (Colo.App.2006).

The order is affirmed, and the case is remanded for a determination of husband's request for attorney fees on appeal.

Judge BERNARD and Judge BOORAS concur.