In re the MARRIAGE OF Robert B. POLAND, Appellant,

and

Jeanie R. Poland, Appellee.

No. 10CA1158.

Colorado Court of Appeals, Div. III.

Sept. 29, 2011.

Kent L. Freudenberg, Colorado Springs, Colorado, for Appellant.

Anderson & Travis, LLC, Richard M. Travis, Colorado Springs, Colorado, for Appellee.

Opinion by Judge WEBB.

In this post-dissolution of marriage action, Robert B. Poland (husband) appeals from the order awarding Jeanie R. Poland (wife) a portion of the pay he received from the military after he was placed on the temporary disability retired list (TDRL). We vacate the order and remand for further proceedings.

## I. Background

The parties' marriage was dissolved in 2005. Their separation agreement, which was incorporated into the decree, provided, in relevant part, that husband's military retirement benefits were marital property and would be divided, on his retirement, under the *Hunt–Gallo* formula. *See In re Marriage of Hunt*, 909 P.2d 525, 532 (Colo.1995). The agreement further provided that the parties intended to divide husband's "gross military retirement" and that if husband elected to receive Veterans Administration (VA) disability benefits and his disposable retirement pay was thereby reduced, wife's share of the benefits would not be reduced.

When husband was placed on the TDRL in September 2009, after twenty-one years of military service, wife moved to establish her share of husband's TDRL pay, and for contempt, contending that husband had not complied with the decree provision as to his military retirement benefits. After a hearing, at which the issues were argued by counsel but no evidence was submitted, the trial court ordered husband to pay wife her share of his TDRL pay as determined under the decree. Husband's appeal followed.

## II. Distribution of Husband's TDRL Pay

Husband contends that the trial court erred by awarding wife a portion of his TDRL pay. We agree and remand for the trial court to reconsider the distribution of husband's TDRL pay under the decree, excluding any amounts attributable to his disability.

We review de novo the legal issue whether husband's TDRL pay may be distributed as marital property. *See In re Marriage of Williamson*, 205 P.3d 538, 540 (Colo. App.2009).

### A. TDRL

A military service member is placed on the TDRL under 10 U.S.C. § 1202 (2011), if the member has a disability rating of at least thirty percent but the disability has not yet been determined to be permanent. *See Williamson*, 205 P.3d at 540. The member may remain on TDRL for five years, during which the member submits to a medical evaluation every eighteen months to determine whether the disability has stabilized to a degree that permanent disability retirement is appropriate, or whether the disability has improved to the point where the member is fit to return to active duty. 10 U.S.C. § 1210 (2011); *see also Williamson*, 205 P.3d at 540–41. After five years, the member must either be returned to active duty, permanently retired for longevity (if the member has at least twenty years of service), or permanently retired for disability. *See* 10 U.S.C. § 1210; *see also Williamson*, 205 P.3d at 541.

While a service member is on the TDRL, the member is entitled to pay, calculated under 10 U.S.C. § 1401(a) (2011), using one of two formulas. *See* 10 U.S.C. § 1202. Under the first formula, the member receives 2.5 percent of his or her monthly base pay for each year of service; under the second formula, the member's pay is calculated by multiplying the base pay by the member's disability percentage. 10 U.S.C. § 1401(a);

*see also Davies v. Beres,* 224 Ariz. 560, 233 P.3d 1139, 1142 (Ariz.Ct.App.2010). A service member may choose the formula more favorable to the member. 10 U.S.C. § 1401(b) (2011); *Davies,* 233 P.3d at 1142.

### B. USFSPA

■ A spouse's military retirement benefits may be distributed as marital property in dissolution cases under the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 (2011). *Williamson,* 205 P.3d at 540; *see also Hunt,* 909 P.2d at 530. Only "disposable retired pay," as defined in the USFSPA, may be distributed. *See* 10 U.S.C. § 1408(c)(1) (2011); *Mansell v. Mansell,* 490 U.S. 581, 589, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[U]nder the [USFSPA's] plain and precise language, state courts have been granted the authority to treat disposable retired pay as community property; they have not been granted the authority to treat total retired pay as community property."); *see also In re Marriage of Heupel,* 936 P.2d 561, 565 (Colo.1997); *Williamson,* 205 P.3d at 540.·

Accordingly, we reject the trial court's determination and wife's argument that the court could, based on the parties' agreement to divide husband's "gross military retirement," divide more than husband's "disposable retired pay." In *Mansell,* the parties stipulated, similar to the parties here, to a decree provision that the husband's total retirement pay would be divided between them, and the trial court enforced that provision over the husband's objection. *See Mansell,* 490 U.S. at 585–86, 109 S.Ct. 2023. The Supreme Court reversed, however, holding that the USFSPA precluded the trial court from dividing anything other than "disposable retired pay," as defined in the statute. *See id.* at 589, 109 S.Ct. 2023; *see also Morgan v. Morgan,* 249 S.W.3d 226, 231 (Mo.Ct.App.2008) ("Regardless of the wording of the dissolution judgment, *Mansell* allows only *disposable* retired pay to be considered as martial property.") (emphasis in original); *Youngbluth v. Youngbluth,* 188 Vt. 53, 6 A.3d 677, 683 (2010) ("[E]ven if the original property division order had explicitly granted wife an interest in husband's total

retirement benefits, federal law would require us to read the order as applying only to disposable retirement benefits.").

Under the USFSPA, for a service member who is receiving disability retirement benefits, which includes TDRL pay, "disposable retired pay" does not include "amounts which ... are equal to the amount of retired pay of the member ... computed using the percentage of the member's disability ... on the date on which the member's name was placed on the [TDRL]." 10 U.S.C. § 1408(a)(4)(C) (2011); *see also Williamson,* 205 P.3d at 540.

In *Williamson,* a division of this court held that the TDRL pay of a service member who had not yet attained twenty years of service, and was thus not eligible for a longevity retirement when he was placed on the TDRL, was all disability pay and thus not divisible as marital property. *See* 205 P.3d at 542 ("[S]ince husband is completely ineligible for any military retirement benefits *but for his disability,* we conclude that all of his benefits are based on his disability, and therefore, are not divisible as marital property pursuant to 10 U.S.C. § 1408(a)(4)(C).") (emphasis in original); *see also Davies,* 233 P.3d at 1145–46 (citing *Williamson* and holding that TDRL benefits are not marital property when the receiving spouse would not have been entitled to the benefits but for his disability because he did not have twenty years of service); *Thomas v. Piorkowski,* 286 S.W.3d 662, 667 (Tex.App.2009) (same).

However, this case presents a question not resolved by *Williamson:* whether TDRL pay to a service member spouse, who *had* attained twenty years of service and was eligible for a longevity retirement when he was placed on the TDRL, is divisible as marital property. We conclude, based on 10 U.S.C. § 1408(a)(4)(C), that an amount equal to the amount of TDRL pay, as calculated based on husband's percentage of disability when he was placed on the TDRL, must be excluded from the marital property, but that any amounts in excess of that amount may be divided under the decree. *See In re Marriage of Wherrell,* 274 Kan. 984, 58 P.3d 734, 740–41 (2002) (recognizing that for service members who are eligible for retirement, disability retirement benefits may include

both disability and retirement benefits, and only the disability portion is excluded from the marital property division); *see also Williamson*, 205 P.3d at 542 (same); *In re Marriage of Strunck*, 212 Ill.App.3d 76, 155 Ill. Dec. 781, 570 N.E.2d 1, 2 (1991) (any amount of military disability retirement pay that is paid in excess of the amount related to the retired person's percentage of disability is part of disposable retired pay and is subject to division as marital property).

We are not persuaded otherwise by *In re Marriage of Warkocz*, 141 P.3d 926 (Colo. App.2006), *In re Marriage of Lodeski*, 107 P.3d 1097 (Colo.App.2004), or the cases from other jurisdictions, on which wife relies, concerning military spouses who unilaterally convert regular retirement benefits into VA disability benefits, thereby reducing the other spouse's share of the benefits. Rather, we agree with husband that being placed on the TDRL is materially different from a military spouse voluntarily choosing, after having agreed to divide all retirement benefits, to waive a portion of those benefits in order to receive VA disability benefits instead. Under TDRL statutes, a service member is "placed on" the TDRL and is then subject to regular medical evaluations to determine whether TDRL status is still appropriate. *See* 10 U.S.C. §§ 1202, 1210. The service member does not voluntarily choose TDRL status. Additionally, TDRL benefits are addressed under a different section of the USFSPA than VA disability benefit waivers. *See* 10 U.S.C. § 1408(a)(4)(B) (addressing VA disability benefit waivers), (C) (addressing other disability retirement pay, including pay for service members on the TDRL).

Here, because the trial court divided all of husband's TDRL pay under the time rule formula without considering the extent to which the pay was computed on husband's disability, the order cannot stand. *Cf. In re Marriage of Franz*, 831 P.2d 917, 918–19 (Colo.App.1992) (reversing and remanding retirement benefits division to consider whether the military retirement pay of the husband, who was permanently retired with a thirty percent disability rating after eight years of service, was "based and computed on" his disability such that the court would

be precluded from dividing it as marital property).

We reject husband's contention, however, that all of his TDRL pay is necessarily disability pay and thus separate property under the USFSPA. As recognized by the division in *Williamson* and by the Kansas court in *Wherrell*, the language of section 1408(a)(4)(C) of the USFSPA suggests that for service members who are eligible to retire based on longevity, their disability retirement benefits may include elements of *both* disability and regular retirement benefits. *See Williamson*, 205 P.3d at 542; *Wherrell*, 58 P.3d at 740–41; *see also Strunck*, 155 Ill.Dec. 781, 570 N.E.2d at 2 (USFSPA exemption of military disability retirement pay from state marital property laws is limited to that amount related to the retired person's percentage of disability); *Bullis v. Bullis*, 22 Va.App. 24, 467 S.E.2d 830, 836 (1996) (USFSPA exempts from the definition of "disposable retired pay" only that portion of military disability retirement pay that corresponds to the retiree's disability percentage retirement). Accordingly, we reject husband's contention that TDRL pay is synonymous with workers' compensation benefits and is merely a replacement for his wages.

Here, the record does not indicate either how husband's TDRL pay was calculated or the percentage of his disability when he was placed on the TDRL.

In light of our disposition, and because wife states no legal basis for recovery of her appellate attorney fees, we deny the request. *See In re Marriage of Dunkle*, 194 P.3d 462, 467 (Colo.App.2008) ("Attorney fees are awardable under C.A.R. 39.5 only if the party seeking fees states a legal basis for the recovery of fees.").

The order is vacated and the case is remanded for the trial court to determine the amount of husband's TDRL pay, as computed based on his percentage of disability, and then exclude that amount from the TDRL pay that is divided under the decree. *See* 10 U.S.C. § 1408(a)(4)(C); *see also Strunck*, 155

Ill.Dec. 781, 570 N.E.2d at 2.[1]

Judge ROY and Judge FOX concur.

---

1. Because husband had twenty-one years of service, he likely chose to compute his TDRL pay under the formula based on years of service. Under section 1408(a)(4)(C) of the USFSPA, however, only the additional amount of pay he received, over and above what he would have received using the formula based on his percentage of disability, is marital property and can be distributed to wife under the decree.