Opinion by JUDGE DUNN
¶ 1 In this post-dissolution of marriage case, Linda Finch (wife) appeals the district court's order denying her second motion to enforce a provision of the permanent orders that awarded her a portion of the military retirement pay of Mark Tozer (husband). We affirm.
I. Background
¶ 2 In 2008, the district court dissolved the parties' marriage and entered permanent orders, which required husband to pay wife monthly maintenance for three years and a percentage of his military retirement pay. The court expressly reserved jurisdiction over maintenance to "offset [m]ilitary [r]etirement that is exchanged" for Veteran Administration (VA) disability benefits.
¶ 3 Several years after permanent orders were entered, as a result of his combat-related injury, the Air Force "relieved [husband] from active duty," placing him first on the temporary disability retired list and later on the permanent disability retired list. This form of military retirement-where the military itself retires a member who is "unfit to perform" his duties due to a service-related physical disability-is commonly referred to as "Chapter 61" disability retirement. See 10 U.S.C. § 1201 (2012). A veteran receiving Chapter 61 disability retirement may opt-as husband did here-to receive monthly payments based upon his disability rating in lieu of military retirement pay. See 10 U.S.C. § 1401 (2012 & Supp. I 2013).
¶ 4 In addition to his Chapter 61 disability retirement pay, husband also received a VA disability benefit. Thus, his entire military retirement pay was based on disability.
¶ 5 In 2014, wife moved to enforce the provision of the permanent orders awarding her a share of husband's military retirement pay. In her motion, wife asserted that husband "ha[d] refused to comply" with the permanent orders provision requiring payment of husband's military retirement pay and that husband "ha[d] effectively reduced his military retirement pay that is subject to division by electing" instead to receive disability benefits. The district court denied wife's motion, determining that husband's disability benefits were not subject to division under federal law.
¶ 6 Roughly a year later, wife again moved to enforce the permanent orders provision regarding husband's military retirement pay. This time, however, she sought equitable relief. She alleged that by unilaterally and voluntarily electing to convert his military retirement pay into disability benefits, husband had essentially eliminated wife's share of husband's military retirement pay that the court had awarded her. As a result, she urged the court to order husband to compensate her in an amount equal to her share of husband's military retirement pay.
¶ 7 At the hearing on wife's motion, the parties presented an independent expert whom they jointly asked to express "an opinion concerning the issue of military retired pay." The expert testified that none of husband's disability pay was subject to division.[1]
*837 ¶ 8 The district court then denied wife's motion, concluding that husband's retirement was not "divisible as a matter of law." And because wife had remarried before husband retired, it denied wife's request to adjust spousal maintenance to offset husband's retirement pay.
II. Claim Preclusion
¶ 9 We first address and reject husband's argument that wife's claim for equitable relief is barred under the claim preclusion doctrine because the district court already decided that his disability benefits were not subject to division.
¶ 10 Claim preclusion bars "relitigation of matters that have already been decided [in a prior proceeding] as well as matters that could have been raised in a prior proceeding but were not." Argus Real Estate, Inc. v. E-470 Pub. Highway Auth. , 109 P.3d 604, 608 (Colo. 2005). It does not apply, however, "to bar a party's later assertions in the same litigation." In re Marriage of Mallon , 956 P.2d 642, 645 (Colo. App. 1998).
¶ 11 Wife sought equitable relief to enforce the court's permanent orders entered in the same dissolution proceeding in which the permanent orders were originally entered. Her request was not made in a "later, independent proceeding[ ]." Id. It is therefore not barred by the claim preclusion doctrine. See id.
III. Husband's Military Disability Retirement
¶ 12 State courts "may treat disposable retired pay" as marital property under the Uniformed Services Former Spouses' Protection Act (USFSPA). 10 U.S.C. § 1408(c)(1) (2012 & Supp. IV 2017).[2] And such disposable retired pay may be divided. Id. ; see also Mansell v. Mansell , 490 U.S. 581, 589, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ; In re Marriage of Poland , 264 P.3d 647, 649 (Colo. App. 2011).
¶ 13 But the USFSPA excludes some types of military retirement pay from "disposable retired pay." 10 U.S.C. § 1408(a)(4)(A)(ii), (iii) ; see also Howell v. Howell , 581 U.S. ----, ----, 137 S.Ct. 1400, 1402, 197 L.Ed.2d 781 (2017) ; Mansell , 490 U.S. at 589, 109 S.Ct. 2023. Such is the case with Chapter 61 disability retirement pay as well as other military disability retirement pay. 10 U.S.C. § 1408(a)(4)(A)(ii), (iii) ; see also Poland , 264 P.3d at 649 (recognizing that temporary disability retirement pay "must be excluded from the marital property"). So, if a veteran's retired pay consists of Chapter 61 disability retirement, it is not disposable retired pay under the USFSPA, and thus is not subject to division as marital property. See 10 U.S.C. § 1408(a)(4)(A)(iii) ; accord Selitsch v. Selitsch , 492 S.W.3d 677, 686 (Tenn. Ct. App. 2015).
¶ 14 The evidence showed that husband received only Chapter 61 disability retirement and VA disability benefits. The district court therefore correctly concluded that husband's "disability payments ... [were] not divisible under the [USFSPA]" and did not err in denying wife's second request to enforce the permanent orders.
IV. Equitable Relief
¶ 15 Still, wife contends that the district court erred by not exercising its equitable jurisdiction to "award her [an] equitable share of the military disability retirement pay." We see no error.
¶ 16 We recognize-as wife points out-that divisions of this court have "enlist[ed] equitable theories" to prevent a party's "unilateral ability to defeat his or her spouse's interest in military retired pay." In re Marriage of Lodeski , 107 P.3d 1097, 1101 (Colo. App. 2004) ; see In re Marriage of Warkocz , 141 P.3d 926, 930 (Colo. App. 2006) ; cf.
*838 Poland , 264 P.3d at 650 (concluding temporary disability retirement benefits are not divisible as marital property and distinguishing Lodeski and Warkocz ). These cases do not, however, address Chapter 61 disability retirement, where the military itself relieves a service member from active duty. Rather, Warkocz and Lodeski both involved circumstances where a veteran's military retirement pay was treated as divisible marital property, but post-decree the veteran elected to waive the military retirement pay in favor of disability benefits. See 10 U.S.C. § 1408(a)(4)(A)(ii). And it was in this context that the Warkocz and Lodeski divisions crafted ways to indemnify or compensate the non-military spouse.
¶ 17 But even if we conclude that those cases extend beyond a case where a veteran elects to convert military retirement pay to disability retirement benefits, it would not help wife. This is so because during the pendency of this appeal, the United States Supreme Court held that federal law preempts state law purporting to recognize a vested interest in military retirement pay. Howell , 581 U.S. at ----, 137 S.Ct. at 1406.
¶ 18 Howell involved a dissolution decree that awarded fifty percent of a veteran's future military retirement pay to his former spouse. Id. at ----, 137 S.Ct. at 1404. Years later, the veteran waived a portion of his retirement pay in favor of disability benefits, resulting in a reduction of his former spouse's award. Id. The former spouse sought to enforce the decree to restore the amount of her share of the veteran's retirement pay. Id. The trial court concluded that the decree created a "vested" interest in the veteran's retirement pay. Id. The state supreme court affirmed and determined that the former spouse was entitled to reimbursement and that federal law did not preempt the court's reimbursement order. Id.
¶ 19 The United States Supreme Court disagreed. It held that a state court may not order a veteran to reimburse or indemnify a former spouse for the "portion of retirement pay lost due to the postdivorce waiver." Id. at ----, 137 S.Ct. at 1406. The Court rejected the argument that the former spouse had a vested interest in the benefits, noting that state courts "cannot 'vest' that which (under governing federal law) they lack the authority to give." Id. at ----, 137 S.Ct. at 1405.
¶ 20 And significantly, the Court was unpersuaded by the various equitable compensation theories crafted to reimburse former spouses, concluding that "[r]egardless of their form," such orders "displace the federal rule and stand as an obstacle to the accomplishment and execution of the purposes and objectives of Congress." Id. at ----, 137 S.Ct. at 1406.
¶ 21 The Howell takeaway is clear. Military retirement disability benefits may not be divided as marital property, and orders crafted under a state court's equitable authority to account for the portion of retirement pay lost due to a veteran's post-decree election of disability benefits are preempted. See id. at ----, 137 S.Ct. at 1402. So, to the extent that Lodeski and Warkocz concluded a spouse could receive indemnification for reductions in the spouse's property award caused by a veteran's post-decree waiver of retirement pay in favor of disability benefits, Howell effectively overruled those decisions. See id. ; see also Hurt v. Jones-Hurt , 233 Md.App. 610, 168 A.3d 992, 1001 (2017) (recognizing Howell 's effect was to preempt state law remedies where a spouse's marital award is reduced by a post-decree waiver of military retirement pay in favor of disability benefits). And we see nothing in Howell that exempts Chapter 61 disability retirement benefits from federal preemption.
¶ 22 Because federal law precludes state courts from dividing military disability benefits as marital property, we conclude the district court did not err in denying wife equitable relief.
V. Conclusion
¶ 23 The order is affirmed.
Graham and Booras, JJ., concur

The parties asked the expert to offer an opinion on the law. The district court accepted the testimony. However, an expert "may not usurp the function of the court by expressing an opinion o[n] the applicable law or legal standards." Quintana v. City of Westminster , 8 P.3d 527, 530 (Colo. App. 2000) ; see also U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd. , 582 F.3d 1131, 1150 (10th Cir. 2009). We do not condone-and nothing in this opinion should be read to allow-expert testimony on a matter of law.

We cite to the current version of 10 U.S.C. § 1408 (2012 & Supp. IV 2017), which became effective December 23, 2016. We note that the 2016 amendment renumbered subsection § 1408(a)(4)(A), but it did not alter the statute in any way relevant to this case.